# GUS H. BEAULIEU v. NANCY AIN-E-WAUSH.[1]

July 10, 1914.

Nos. 18,336—(49).

**Administrator — duty to account for moneys received.**

1. An administrator who as such has received money as belonging to the estate of his intestate must account for it, regardless of whether he could have collected it in a suit at law, there being no adverse claim asserted.

**Jurisdiction over Indian allottee.**

2. The record does not present for decision the question whether the probate court has jurisdiction of a Chippewa Indian allottee residing upon the White Earth Indian Reservation and maintaining tribal relations.

In the matter of the estate of We-sug, deceased, the administrator, Gus H. Beaulieu, appealed to the district court for Becker county from the order of the probate court for that county amending his final account as administrator of the estate. The appeal was heard before Taylor, J., who made findings and modified the order of the probate court by striking therefrom the real estate therein described. From the order of the district court denying the administrator's motion for a new trial, he appealed. Affirmed.

*George B. Edgerton,* for appellant.
*Johnston & Dennis,* for respondent.

DIBELL, C.

This is an appeal from an order of the district court denying the appellant's motion for a new trial after a trial on an appeal from the probate court to the district court.

On December 21, 1907, Gus H. Beaulieu was appointed administrator of We-sug upon the petition of his daughter Nancy Ain-e-waush. Beaulieu, as administrator, collected from the Nichols-Chisholm Lumber Co., and the company voluntarily paid to him as

[1] Reported in 148 N. W. 282.
126 M.—21.

administrator, $2,000, the full amount due upon a contract for the sale of timber by We-sug to the company.

By its judgment the district court in effect directed Beaulieu to account for this sum of $2,000.

1. It is found, and it is not in dispute, that Beaulieu as administrator received $2,000 from the Nichols-Chisholm Lumber Co., being the amount due on a contract which that company had with We-sug for the sale of the timber upon his allotment upon the White Earth Indian Reservation. The balance was to be paid when the patent issued. After his death a patent was issued.

There is no question but that Beaulieu should at once account for the money received by him as administrator, unless there is something unusual which makes such result unjust. No one else claims the fund. It is not of consequence whether We-sug could have collected it. The lumber company paid it. Beaulieu, as administrator, claimed it. He took it by virtue of his authority as administrator. He received it as an officer of the probate court and as its officer he should account for it. See 19 Am. & Eng. An. Cas. 560.

2. The claim however is made that We-sug was not subject to the jurisdiction of the probate court because he was an Indian residing on the White Earth Reservation, maintaining tribal relations, and not a citizen of the United States, and that the probate court was without jurisdiction of his estate. These facts do not appear from the findings and the question is not sufficiently raised by the record. We do not decide whether the probate court has jurisdiction of the estate of an Indian allottee maintaining tribal relations, prior to the issuance of a patent, though after the allotment, and after the Clapp amendment (34 St. 325, 353).

Order affirmed.